Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 06 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SHAUN L. STEELE**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAUN L. STEELE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1207-SC-383 |
| | ) | |
| CORRECTIONAL INDUSTRIAL FACILITY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas L. Clem, Magistrate
Cause No. 48C05-1112-SC-5328

**February 6, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Shaun L. Steele ("Steele") obtained a default judgment in Madison Circuit Court against the Correctional Industrial Facility ("CIF"). The trial court subsequently granted CIF's motion to set aside this default judgment, and Steele now appeals. Concluding that Steele has not established *prima facie* error in the trial court's granting of CIF's motion to set aside the default judgment, we affirm.

**Facts and Procedural History**

Steele is an inmate of the Indiana Department of Correction housed in the CIF. Steele alleged that CIF personnel were responsible for the loss of his personal property during two separate incidents. In the first incident, which resulted when Steele was placed in segregation, Steele alleged that the following items were lost: prescription eyeglasses that cost Steele $625, headphones worth $36.04, and toothpaste that cost $3.22. In the second incident, which also occurred when Steele was placed in segregation, Steele claimed that CIF was responsible for the loss of his digital radio that cost Steele $64.

After his administrative tort claims were denied, Steele filed a small claims action against CIF on March 30, 2012. A small claims trial date was initially set for May 3, 2012, but this was continued on Steele's motion. In granting Steele's continuance, the trial court noted in the Chronological Case Summary that "the Summons to Defendants was personally served upon the Defendant on March 30, 2012, but no Appearance for Defendant has been filed." Appellant's App. p. 2. Although it was apparently received after the above entry in the CCS, CIF also filed a motion to continue on May 3, 2012. Although the trial court granted Steele's motion to continue, it did not set a new small

2

claims trial date, but instead indicated the case was "continued pending new court date being scheduled by court administration[.]" Appellant's App. p. 2.

On May 9, 2012, Steele filed a motion for entry of default judgment and an affidavit in support thereof. On May 16, 2012, the trial court granted Steele's motion and entered a default judgment in Steele's favor in the amount of $772.22. On June 4, 2011, CIF filed a motion to set aside the default judgment, which stated in relevant part:

> Comes now, Defendant, Correctional Industrial Facility, by counsel, and respectfully request[s] the Court to correct error and set aside default judgment in this case. In support of this motion the Defendant states as follows:
> 1. Indiana Trial Rule 59(J) permits the Court to take such action to cure a prejudicial error.
> 2. Indiana Trial Rule 55(C) permits the Court to set aside a default judgment in accordance with the provisions of Trial Rule 60(A).
> 3. Plaintiff filed a Motion to Continue Trial Date on May 1, 2012.
> 4. Defendant filed a Motion to Continue Trial Date on May 3, 2012.
> 5. On May 3, 2012, the Court granted Plaintiff's Motion to Continue.
> 6. On May 3, 2012, the Court noted "Cause continued pending new court date being scheduled by court administration..."
> 7. On May 15, 2012, Plaintiff moved for a new Trial Date.
> 8. As of this Motion no order was received by Defendant resetting the Trial Date.
> 9. On May 30, 2012, it came to the attention of the Defendant that Default Judgment had been entered against Defendant and in favor of Plaintiff.
> 10. As of this Motion no Order granting Default Judgment has been received by Defendant.
> [11]. Although not required by these Trial Rules, Defendant asserts, but is not limited to, one meritorious defense that Plaintiff's property has not been lost and may have been contraband.
> 12. Therefore it is proper for this Court to correct error and set aside default judgment. . . .

Appellant's App. pp. 83-84.

3

Steele filed a response in opposition to this motion, but the trial court granted the motion to set aside the default judgment on June 19, 2012. Steele filed a motion to correct error on July 10, 2012, which the trial court denied on July 26, 2012. Steele now appeals.

**Discussion and Decision**

We initially observe that no appellee's brief has been filed in this case. When an appellee fails to submit a brief, the appellant may prevail by making a *prima facie* case of error. Mikel v. Johnston, 907 N.E.2d 547, 551 n.3 (Ind. Ct. App. 2009). This *prima facie* error rule protects this court and takes from us the burden of controverting arguments advanced for reversal, a duty which remains with the appellee. Id. But even under the *prima facie* error rule, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Id.

Indiana Small Claims Rule 10(B) provides for default judgments in small claims cases. The rule provides in relevant part that default judgment may be entered against a defendant if the defendant "fails to appear at the time and place specified in the notice of claim, or for any continuance thereof[.]" Ind. Small Claims Rule 10(B).

Here, the initial date set for the small claims trial was May 3, 2012. But this trial date was continued upon Steele's own motion. And at the time of Steele's motion for default judgment, no new trial date had been set. Instead, the trial court simply noted, "Cause continued pending new court date being scheduled by court administration[.]" Appellant's App. p. 2. Then, before any new trial date had been set, Steele filed his motion for default judgment. Thus, at the time Steele filed his motion for default

4

judgment, the original trial date had been vacated, and the new hearing date had yet to be set.

Accordingly, the defendant could not have "fail[ed] to appear at the time and place specified in the notice of claim" because that date had been vacated. Nor could the defendant have failed to appear "for any continuance" of the trial date because that date had not yet been set. This means that Steele's motion for default judgment was premature, and the trial court should not have granted it in the first place.

Indiana Small Claims Rule 10(C) provides that, "Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim . . . ."[1] Here, CIF, although citing the Indiana Trial Rules instead of the Small Claims Rules, did set forth good cause for setting aside the trial court's premature entry of default judgment. Specifically, CIF noted that Steele had moved for a continuance of the original hearing date and that the trial court had granted a continuance but had not yet set a new hearing date. See Appellant's App. p. 83. Accordingly, the trial court properly granted CIF's motion to set aside the default judgment.

**Conclusion**

Steele's motion for default judgment was premature because the original small claims hearing date had been vacated on Steele's own motion and no hearing date had yet been set at the time of Steele's motion for default judgment. Under the facts and

---

[1] The remaining text of this rule provides that, after one year of the entry of default, "the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind. R. Tr. P. 60(B)." Here, the defendant filed its motion to set aside well within one year.

5

circumstances presented in this case, we are unable to say that Steele has presented even *prima facie* error in the trial court's decision to set aside its previously-entered default judgment in favor of Steele.

Affirmed.

KIRSCH, J., and CRONE, J., concur.